v.

**The Honorable Don EMERSON, Judge, 320th District Court, Potter County, Texas.**

No. 07–87–0305–CV.

Court of Appeals of Texas, Amarillo.

Feb. 9, 1988.

Selden B. Hale, Amarillo, for Relator.

Bob Blinderman, Canyon, for party in interest.

Pam House, Amarillo, for intervenor.

Before DODSON, COUNTISS and BOYD, JJ.

COUNTISS, Justice.

In this original mandamus proceeding, we must determine whether section 12.06 of the Family Code, Tex.Fam.Code Ann. (Vernon Supp.1988), gives the wife the right to deny the husband's paternity and to require the husband to submit to a blood test. We conclude that it does, and conditionally grant the writ.

Husband, R.F.D., Jr., filed a petition for divorce from Wife, T.E.D. in September 1986. Wife filed a cross petition in December of 1986 and specifically denied that Husband is the father of R.F.D., III. Mother, R.F.D., III, and the man named by Mother as the child's father were blood tested in April of 1987 and the alleged father then intervened in the divorce case, contending that he is R.F.D., III's father.

Wife then asked Respondent Judge Emerson to order Husband to submit to blood tests. Respondent concluded, however, that he did not have that authority and, on November 25, 1987, denied Wife's request. This mandamus proceeding followed.

Section 12.06 of the Texas Family Code Annotated (Vernon Supp.1988) states:

(a) In any suit affecting the parent-child relationship, other than a suit under Chapter 13 of this code, a husband or wife is entitled to deny the husband's paternity of the child who is the subject of the suit and who was born or conceived during the marriage of the parties. The question of paternity under this section must be raised by an express statement denying paternity of the child in the spouse's pleadings in the suit, without regard to whether the spouse is a petitioner or respondent.

(b) In any suit in which a question of paternity is raised under this section, the court shall conduct the pretrial proceedings and order the blood tests as required in a suit under Chapter 13 of this code.

Prior to an amendment in 1987, the statute allowed only the husband to deny paternity and, under paragraph (b), demand blood tests.[1] However, the statute now permits either spouse to deny the husband's paternity. When a denial occurs, the trial court "shall ... order the blood tests as required in a suit under Chapter 13 of this code." Tex.Fam.Code Ann. § 12.06(b) (Vernon 1986).

In a factually identical case, *Davis v. Houston,* 734 S.W.2d 210 (Tex.App.—Fort Worth 1987, no writ), District Judge Sam Houston of the 211th District Court of Denton County ordered the husband to submit to a blood test, over the husband's objection. The Fort Worth Court of Appeals refused the husband's request for a writ of mandamus that would have required Judge Houston to set aside the blood test order and held that the 1987 amendment permits either parent to deny the husband's paternity. 734 S.W.2d at 211.

The necessary implication, from the holding and from the statute, is that the right of either spouse to deny paternity under paragraph (a) carries with it the right of either spouse to obtain a blood test of the husband under paragraph (b) of § 12.06, consistent with Chapter 13 of the Family Code. Any other interpretation of the statute would render the 1987 amendment meaningless and perpetuate the system that permitted a husband to deny paternity,

and submit to a blood test to prove his denial, but did not permit the wife to deny his paternity and require him to submit to a blood test to prove her denial.

We hold, therefore, that under § 12.06 of the Family Code, either spouse may deny the husband's paternity and either spouse is entitled to an order consistent with Chapter 13 of the Family Code requiring the husband to submit to a blood test.[2]

Husband relies on *In Interest of S.C.V.,* 735 S.W.2d 874 (Tex.App.—Dallas 1987, no writ) for his argument that he cannot be required to submit to a blood test. The case holds, as Husband contends, that no authority exists to require a husband to submit to a blood test and draws a distinction between the "alleged father" under Chapter 13 and the "husband" under Chapter 12. The opinion was released five days after the effective date of the 1987 amendment but obviously relies on the pre-amendment statute. 735 S.W.2d at 879. Thus, we do not regard the opinion as authoritative under the present version of the statute. We also decline to hold, as that case did and as Husband argues, that only alleged fathers, not husbands, can be ordered to take blood tests. Within the context of section 12.06, such a distinction is immaterial.

We are confident Judge Emerson will vacate his previous order and order Husband to take the appropriate blood test. A formal writ will issue only if necessary to enforce this decision.

1. Prior to the 1987 amendment, paragraphs (a) and (b) of section 12.06 read:

    (a) In any suit affecting the parent-child relationship, other than a suit under Chapter 13 of this code, a man is entitled to deny his paternity of the child who is the subject of the suit and who was born or conceived during the marriage of the man and the mother of the child. The question of paternity under this section must be raised by an express statement denying paternity of the child in the man's pleadings in the suit, without regard to whether the man is a petitioner or respondent.

    (b) In any suit in which a question of paternity is raised under this section, the court shall conduct the pretrial proceedings and order the blood tests as required in a suit under Chapter 13 of this code.

2. We are well aware of the social implications of this holding, especially on older children who have developed a strong bond with the man they thought was their father. The Texas Legislature has, however, made scientific testing the ultimate arbiter of paternity. There being no constitutional implications, our duty is to enforce the legislation as written.